968 F.2d 1222
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alan Van NEVELE, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health & Human
Services, Defendant-Appellant.
 No. 91-35380.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 8, 1992.
Decided July 15, 1992.
 
 Before GOODWIN, TANG and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alan Van Nevele appeals the decision of the district court affirming the Secretary's determination that Van Nevele's entitlement to disability benefits ceased in June 1981. Van Nevele appeals the issue of whether the the district court properly ruled that the Secretary used the correct point of comparison date in meeting his burden of showing Van Nevele's medical improvement. We affirm.
 
 Background
 
 3
 In June of 1969, the Secretary determined that Alan Van Nevele was entitled to disability benefits as a result of serious leg injuries Van Nevele sustained in a car accident. In August 1970, the Secretary reevaluated Van Nevele and, based on the medical evidence presented and considered, determined that Van Nevele continued to be entitled to disability benefits.
 
 
 4
 In April 1977, in response to an apparent request for services, the State of Iowa Vocational Rehabilitation Department found that Van Nevele was eligible. The agency concluded that, with its assistance, Van Nevele "may well re-enter competitive employment." In connection with this application, Van Nevele was medically evaluated and a report was prepared by the examining doctor for submission to the Vocational Rehabilitation Department. The doctor's report recommended that although Van Nevele's case presented problems, "it would be worth the effort to find something for [Van Nevele] to do to rehabilitate him."
 
 
 5
 Between February 1978 and June 1979, Van Nevele owned and operated a tavern. Van Nevele sold the tavern after it continued to lose money for an extended period of time. As a consequence of Van Nevele's attempt at self-employment, the Secretary requested and Van Nevele submitted a work activity report, in order to determine whether Van Nevele's self-employment constituted substantial gainful activity. The Secretary determined that Van Nevele had only engaged in a trial work period and thus was entitled to be continued on disability insurance.
 
 
 6
 In June 1981, Van Nevele's entitlement to benefits was terminated for failure to cooperate with the Secretary's request for current medical information. Van Nevele appealed and ultimately had his case heard before an Administrative Law Judge ("ALJ"), Michael Perlowski. On May 19, 1982, the ALJ determined that Van Nevele had a residual functional capacity to perform sedentary work and therefore was no longer entitled to disability benefits after June 1981.
 
 
 7
 Subsequently, the Secretary's decision to terminate Van Nevele's benefits was vacated by Lopez v. Heckler, 725 F.2d 1489 (9th Cir.1984). Because Van Nevele's was part of the class whose benefits were terminated without a finding of medical improvement, as required by Patti v. Schweiker, 669 F.2d 582, 587 (9th Cir.1982), Lopez dictated that the Secretary restore benefits and reevaluate termination decisions made in contravention of Patti. Lopez, 725 F.2d at 1496, 1510.
 
 
 8
 In 1989, the Secretary reevaluated Van Nevele's case and again determined that Van Nevele's entitlement to disability benefits ceased June 1981. Additionally, the Secretary received new medical evidence and made the determination that, in addition to Van Nevele having a residual functional capacity to perform sedentary work, Van Nevele had medically improved since 1970. Following the ALJ decision, both the Secretary and the district court agreed that Van Nevele's benefits were properly terminated. Van Nevele timely appealed to this court.
 
 DISCUSSION
 
 9
 We must review whether the Secretary used the correct point of comparison date in making his decision that Van Nevele's medical condition had improved as of 1981. Although Van Nevele concedes that the Secretary has shown medical improvement in Van Nevele's condition since August of 1970, Van Nevele argues that the correct point of comparison date is either 1977 or 1979.[1] Van Nevele first contends that in 1977, a medical evaluation was conducted on behalf of the Secretary and that the evaluation established that he continued to be disabled. Therefore, the argument continues, the 1977 evaluation must be considered a favorable medical decision made by the Secretary continuing his disability. Because, Van Nevele argues, this was a favorable medical decision, the Secretary was required to show that he had medically improved since 1977, not August 1970.
 
 
 10
 In August 1970, the Social Security Administration performed a complete review of Van Nevele's medical records and determined that he was physically disabled and entitled to disability benefits. Under the Social Security Act, Van Nevele's disability benefits may be terminated only upon a showing of substantial evidence that
 
 
 11
 (A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and
 
 
 12
 (B) the individual is now able to engage in substantial gainful activity.
 
 
 13
 42 U.S.C. § 423(f)(1). "Medical improvement" occurs when there "is any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1). "The most recent favorable medical decision is the latest decision involving a consideration of the medical evidence and the issue of whether you were disabled or continued to be disabled which became final." Id. § 404.1594(b)(7).
 
 
 14
 The problem with Van Nevele's first argument is his contention that the medical evaluation was conducted on behalf of the Secretary. Evidence of record shows that the medical evaluation was conducted on behalf of the State of Iowa, not the Secretary. The record is also clear that the State of Iowa's purpose in conducting the medical evaluation was not to determine whether Van Nevele was entitled to disability benefits, but whether Van Nevele was eligible to receive vocational rehabilitation training services. Accordingly, Van Nevele's first argument must be rejected.
 
 
 15
 Next, Van Nevele contends that 1979 is the proper point of comparison from which the Secretary must show that he medically improved. Van Nevele argues that in 1979 the Secretary made a final decision to continue his disability benefits after a review of all of the facts in Van Nevele's case.
 
 
 16
 In order to be the proper point of comparison, the most recent favorable decision continuing a disability must involve a consideration of the medical evidence. Id. § 404.1594(b)(7). As previously discussed, in 1978-79, Van Nevele made an attempt to become self-employed and bought a tavern. Because of this attempt, the Social Security Administration conducted a review of Van Nevele's disability status to determine if he had engaged in substantial gainful activity. The Administration determined that Van Nevele's work did not amount to substantial gainful activity. The determination continuing Van Nevele's disability specifically indicates under basis for determination, reason for continuance, that no medical information was considered. Because the Administration did not consider medical evidence in its determination, the 1979 determination continuing his disability cannot be the proper point of comparison for purposes of showing medical improvement. Id.
 
 
 17
 Finally, Van Nevele argues that, pursuant to the holding of Patti v. Schweiker, the Secretary's 1979 determination continuing his disability is final and must serve as the comparison date for the purpose of showing medical improvement.
 
 
 18
 Van Nevele's argument is not supported by our decision in Patti v. Schweiker. In Patti, we held that "[o]nce evidence has been presented which supports a finding that a given condition exists, it is presumed in the absence of proof to the contrary that the condition has remained unchanged." 669 F.2d at 586-87. Thus, the Secretary must show evidence of medical improvement before he may terminate a claimant's disability benefits. However, the intended presumption applies only to the evidence and the condition actually considered by the Secretary in the prior final decision. The presumption does not apply to facts and evidence not considered by the Secretary. Because the Secretary did not consider any medical evidence in its 1979 determination, the 1979 determination is not the proper point of comparison for evaluating Van Nevele's medical improvement. See 20 C.F.R. § 404.1594(b)(7).
 
 Conclusion
 
 19
 The Secretary properly determined that August 1970 was the proper point of comparison for purposes of evaluating Van Nevele's medical improvement. The decision of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Additionally, Van Nevele does not raise on appeal the Secretary's determination that he is now able to engage in substantial gainful activity